RED WING SEWER PIPE COMPANY, Appellant, v. CITY OF PIERRE et al., Respondents.

(154 N. W. 712.)

(File No. 3831.   Opinion filed November 5, 1915.)

1.   Mechanics' Liens—Sewerage—Municipal Corporations—Sub-contractor's Lien—Acceptance by City Council—Engineer's Certificate as Acceptance—Limitation for Foreclosure, When Begins to Run—Statutes.

Since all the statutes relating to construction of sewers for municipalities, including Pol. Code, Sec. 1366; Laws 1903, Ch. 213, Sec. 18; Laws 1909, Ch. 110, Sec. 17, and Laws 1911, Ch. 228, Sec. 2, require the work to be accepted by the city council or commission, held, that, whether the contract in question was made under laws containing some of said sections, or under Pol. Code, Secs. 1341 to 1345, which provide a different method of letting contracts but do not specifically provide for acceptance of the work by city council, yet the above provisions requiring such acceptance apply to the contract; and the filing of a certificate by the city engineer, on a certain date, to the effect that the work had been done in accordance with the contract did not bind the city, nor determine the date of acceptance of the work, within the meaning of Code Civ. Proc., Sec. 717, in effect rendering void all mechanics liens on the fund due a contractor unless action shall be commenced within 30 days from the "acceptance of the work;" but the date from which the time to sue is reckoned is that of the acceptance of the work by city council.

2.  **Evidence—Approval of Sewage System—Notice to Property Own-**
    **ers—Presumptions.**

> Where, under a statute, a notice should have been given by
> city commissioners to interested property owners that the
> question of approval of sewerage work would come before the
> commissioners, it will be presumed that such notice was given,
> in absence of proof to contrary, no objection having been made
> to the offer of evidence showing acceptance of the work on a
> certain date, on ground of want of proof of such notice.

3.  **Mechanics' Lien—Municipal Corporation—Failure to Bring Action**
    **—Destruction of Lien, or Limitation—Statute—Necessity of**
    **Pleading Limitations.**

> Code Civ. Proc., Sec. 718, providing that a mechanic's lien
> upon city funds may be discharged on failure to bring action
> "when 30 days shall have elapsed since the filing of the claim
> and no action shall have been commenced" on same, purports
> to provide more than a limitation upon the time within which
> action can be brought; it terminates and destroys the lien
> itself; therefore, **held**, further, that it was not necessary for
> the city to plead said statute, as one of limitations, in its
> answer.

4.  **Municipal Corporations—Mechanics' Liens—Public Improve-**
    **ments—Limitation, on Foreclosure—Conflicting, Inconsistent,**
    **Statutes, Validity.**

> Under Code Civ. Proc., Sec. 713, giving subcontractors per-
> forming labor or furnishing materials for a municipal corpor-
> ation a lien on all moneys due or to become due the contractor,
> and Sec. 714, requiring filing of claim within 20 days after
> furnishing material or work performed, but providing that
> failure to file within that time shall not defeat the lien upon
> amount remaining due contractor at that time, **held**, that, under
> Sec. 714, if filing is within 20 days the lien is preserved to
> subcontractor for all that is due him, regardless of whether
> contractor has been paid in full, while if filing is after the 20
> days such lien is on sums due or that become due contractor;
> that, under Sec. 715, concerning reporting of the filing to cor-
> porate authorities, and fixing date of attachment of lien, liens
> filed attach from time of filing; that under these provisions no
> cause of action to enforce a lien arises until something is due
> contractor, except where lien is filed within 20 days; that,
> under Sec. 716, concerning enforcement of the lien and deter-
> mining respective rights of parties in interest, the court must
> determine "the amount due the contractor;" hence a subcon-
> tractor filing after 20 days cannot sue until something is due
> contractor; therefore, **held**, further, that Sec. 718, subd. 2,
> providing for discharge of lien "when 30 days shall have

elapsed since the filing of the claim and no action shall have been commenced on the same," is, when construed with said other sections, inoperative and void as inconsistent with the clear purpose and intent of the whole law, since, if that section were given effect, it would, through mere lapse of time, discharge a lien because lien claimant had not sued thereon, even though a right of action thereon had never come into existence; and further, if so construed, the claimant would have no lien for sums falling due contractor after said 20 days.

5.  **Statutes—Rule of Interpretation—General Intent—Intent of Words, Disregarded, When.**

While, in interpreting a statute to ascertain the legislative intent, to be gathered from its words, full effect should be given the words used in any part thereof when their meaning is plain and clear, yet this rule does not hold when to give such effect to a part of the statute would bring an absurd result when considered in the light of the clear intent of the whole statute; the general intent being the key to the meaning of parts of a statute, and such intent should control interpretation of the parts.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by the Red Wing Sewer Pipe Company against the City of Pierre and others, to enforce a mechanic's lien. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

*Horner, Martens & Goldsmith,* for Appellant.

*Sutherland & Payne,* for Respondents.

(1) To point one of the opinion, Appellant cited: Code Civ. Proc., Secs. 713 to 721; Pol. Code, Sec. 1366; Pol. Code, Arts. 19, 20; Laws 1903, Ch. 213, Sec. 17, 18, 19; Laws 1909, Ch. 110, Secs. 17, 21; Laws 1911, Ch. 228 Sec. 2.

Respondent submitted that: This contract was made under Secs. 1341 to 1345 Pol. Code; that Secs. 1352 to 1373, Pol. Code, were repealed by Laws 1903, Ch. 213. That the city commission never complied with the laws of 1909, or with that of 1903, as to approval of work under the contract. That the work was accepted within the meaning of Sec. 717, Pol. Code, by the filing of the final estimate and certificate of the city engineer with the City Commission on December 23, 1912, together with the settlement of the City Commission with the contractor's assignee at its

meeting December 30, 1912.   McQuire v. Rapid City, 6 Dakota, 346.

(3) To point three of the opinion, Appellant cited: Rockel on Mechanic's Liens, Sec. 246; Bloom on Law of Mech. Liens, Sec. 649; Philips on Mech. Liens, 2nd Ed., Sec. 417; Castagnino v. Balletta, 23 Pac. (Cal.) 127; McConnell v. Spickler, 15 S. D. 98; Code Civ. Proc., Sec. 39; Laws 1911, Ch. 228, Sec. 21.

Appellant submitted that: Sec. 1345, Pol. Code, is inconsistent with Sec. 17, Chap. 110, Laws 1909, and with Sec. 17, Ch. 228, Laws 1911.

Respondent submitted that: The statute in question extinguishes the right as well as the remedy, and hence the statute need not be pleaded, citing: 25 Cyc. 1403 (II); Way v. Horton, 156 Pa. St. 20; Wood v. Scudder, 155 N. Y. App. Div. 254; Martin v. Pittsburg Ry. Co., 75 Atl. 837 (Pa.); McRae v. N. Y. N. H. & Hartford Ry. Co., 199 Mass. 418.

(4) To point four of the opinion, Respondent cited: Code Civ. Proc., Sec. 717, 718.

WHITING, J.   One Karbel, as a contractor working under a written contract with the city of Pierre, constructed a sewerage system in a certain sewerage district of such city.  Plaintiff, as a subcontractor, furnished such contractor certain material that entered into the construction of such system.  Plaintiff brought this action for the purpose of enforcing a mechanic's lien which it claimed to have acquired against a certain sum unpaid and due the contractor under his contract.  That plaintiff acquired a valid lien was not questioned, but the trial court held that it had lost such lien.  From the judgment so holding, plaintiff appealed.

Respondents contend that such lien became invalid and discharged: (1) Because this action was not commenced until more than 30 days after the city of Pierre accepted the work under the contract; (2) because this action was not commenced until more than 30 days after the lien claim was filed.  It clearly appears that the trial court held against appellant upon the first ground alone, and in no manner considered the second one.  Appellant's lien was filed, and its rights thereunder, if it has any, rest upon the provisions of sections 713-721, C. C. P.  Section 717 provides:

"All claims for liens under the provisions of this article shall cease to have any validity or to be binding upon the corporation

or the contractor unless an action to enforce the same, as herein provided, shall be commenced within thirty days from the acceptance of the work for which the same shall be claimed."

Section 718 provides:

"Any such lien may be discharged: * * * 2nd. By lapse of time. When thirty days shall have elapsed since the filing of the claim and no action shall have been commenced on the same."

[1] Appellant commenced this action on March 18, 1913. The trial court found that the work under the contract was accepted December 23, 1912. Appellant contends that such finding is not supported by the evidence, but that the evidence shows that such work was accepted on March 10, 1913. Respondents base their contention, not upon any proof that the work was accepted by any formal action of the commissioners of the city of Pierre, but: (1) Upon the fact that, on December 23, 1912, the city engineer filed a report showing the work to have been done in accordance with the contract; and (2) upon the claim that the contract in question authorized the engineer to accept the work for the city. Appellant claims that the contract did not authorize the the engineer to accept such work, and that, even if such contract should be construed as intending to give the engineer such authority, such part of the contract would be invalid. Numerous statutes relating to the construction of sewerage systems have been enacted in this state, but there has never been any law authorizing the construction of sewerage systems that did not contain a provision requiring the work to be accepted by the city council or commissioners.. Section 1366, P. C.; section 18, c. 213, Laws 1903; section 17, c. 110, Laws 1909; section 2, c 228, Laws 1911. Respondents contend that the contract in question was entered into under sections 1341 to 1345, P. C., and that the above-cited sections requiring an acceptance of work done by the city council or commissioners do not apply to a contract entered under said sections 1341 to 1345. We can find nothing to support such contention. The statute requiring the city commissioners to accept the work, such duty could not be delegated to the city engineer. The certificate of the city engineer certifying that the work had been completed in accordance with the contract might be conclusive evidence of the fact so certified to, and therefore to be treated as such by the commission when they came to consider

the question of accepting the work. Respondents have cited Mc-Guire v. Rapid City, 6 Dak. 346, 43 N. W. 706, 5 L. R. A. 752, in support of their contention that the acceptance of the work by the city engineer was an acceptance by the city. The question before the court in that case was the evidentiary force of a certificate made by the engineer. There was nothing said in the opinion in that case that is authority for the claim that an engineer can accept work for a city when the statute provides that such work shall be accepted by the city council or commissioners. There was offered and received in evidence proof that on March 10, 1913, the commissioners did formally accept such work.

[2] Respondents contend that, if the work was not accepted December 23, 1912, there is no proof that a right of action has accrued to appellant, because there is no proof that notice had been given to the interested property owners notifying them that the question of approving such work would be before the commissioners at the meeting of March 10, 1913. If, under the statute, such a notice should have been given, it must be presumed that it was given, no proof to the contrary appearing, and no objection to the offer of the evidence showing acceptance on March 10, 1913, having been made based upon the ground of want of proof of such notice. It is clear that the court erred in finding that the work was accepted December 23, 1912.

[3] Was the lien discharged through failure of appellant to bring his action within 30 days from the date when it filed its lien? Appellant contends that respondents cannot now raise this question, for the reason that said section 718, C. C. P., is a statute of limitations, and respondents failed to plead such limitation in their answers. There is no merit in this contention. This statute purports to provide more than a limitation upon the time within which an action can be brought; if valid, it treminates and destroys the lien itself.

[4] But we are of the opinion that the particular provision of such section quoted above must be held inoperative and void, upon the ground that it is absolutely inconsistent with the clear purpose and intent of the law of which said section 718 is but a part. Under this law, if a subcontractor file his lien within 20 day after he has done work or furnished material, he has a lien for all that is due him, regardless of whether the contractor has

been paid in full; if he file his lien after such 20 days, he has a lien on any sums due or which may become due the contractor. Sections 713, 714, C. C. P. All liens filed attach from the time of filing. Section 715, C. C. P. It will be seen that the law favors the one who moves promptly in filing his lien, yet, under these provisions, no cause of action to enforce a lien can arise until there is something due the contractor, except where a lien is filed within the 20 days above mentioned. One of the things the court must determine, when action is brought, is "the amount due the contractor." Section 716, C. C. P. It follows that a subcontractor whose lien was filed after such 20-day period cannot bring his action until there is something due the contractor. Can it be possible that the Legislature intended to enact a provision which, if given effect, would, through mere lapse of time, discharge a lien because the lien claimant had not brought an action thereon, even though a right of action upon such lien had never come into existence? To so hold would be to insult the intelligence of the lawmaking body. Neither could it be presumed that, where, as in this case, certain sums became due to the contractor from time to time prior to the final acceptance of such contract, a lienholder, upon such a sum becoming due within 30 days from the time his lien was filed, must, within such 30 days, bring an action to enforce such lien, and thereafter have, for any balance still remaining due him, no lien upon other sums that might fall due after such 30 days. The statute, as above noted, provides that one filing a claim shall have a lien upon all moneys due or to become due under the contract. Neither does the law require several actions to be brought as several sums may from time to time become due the contractor. The provisions of section 716, supra, require that, whenever any action is brought to enforce or determine a lien— whether brought by the contractor, by the corporation with whom he contracted, or by the lien claimant—the corporation, the contractor, and all lien claimants shall be brought in and a final determination and adjustment of all claims shall be made. To enforce the above provision of section 718, supra, would be to nullify the clear purpose of the act.

[5] In interpreting statutes the most important thing to be ascertained is the intent of the lawmaking power in enacting same. This intent must be gathered, if possible, from the words of the

statute itself. Where the words used in any part of a statute are plain and clear in their meaning, full effect should usually be given to them as written; but this rule does not hold when to give such effect to a part of a statute would bring a result that would be absurd when considered in the light of the clear intent of the statute taken as a whole. 36 Cyc. 1107. The general intent of a statute is the key to the meaning of the parts, and the intention of the whole act should control the interpretation of the parts. Sutherland on Statutory Construction, §§ 240, 241. We therefore hold that the Legislature, in enacting such provision of section 718, supra, did not intend that a lien filed should be "discharged" before it would become discharged under the provisions of sections 717, supra.

The judgment and order appealed from are reversed.