RED WING SEWER PIPE COMPANY; Respondent, v. CITY OF PIERRE, et al (National Bank of Commerce of Pierre, Appellant.)

(166 N. W. 164.)

(File No. 4188.    Opinion filed January 18, 1918.    Rehearing denied March 8, 1918.)

1.    Sewerage—Municipal Sewage Systems—Variant Methods for Establishment, Maintenance—Cash Contract System—Bond and Assessment System—Possible Third Method—Notice to Owners, When Necessary—Statutes Compared.

There are at least two complete and mainly separate statutory methods for establishing and maintaining sewage systems in cities of this state; the first method being prescribed by Pol. Code, Secs. 1341-1351½ (Art. 19, Ch. 14), as amended by Laws 1905, Ch. 155, as such laws may be affected by any inconsistent provisions in Laws 1909, Ch. 110, and Laws 1911, Ch. 228; under which method the city contracts for a system after receiving bids upon a basis of cash payment; under which system the contractor may receive partial payments for work done, bonds being issued to raise the money to install the system, which bonds are paid from special assessments upon the property benefited by the improvements, assessments being divided into annual installments; the second method, as prescribed by Laws 1903, Ch. 213, as such act may be affected by any inconsistent provisions in said Laws 1909 and 1911; which system does not contemplate bond issue, but the funds to cover cost are raised by special property assessments, evidenced by assessment certificates payable differently from assessments made under the first method; the third method, (if there are more than two workable methods authorized) under Laws 1905, Ch. 155, involving bond issues payable by levies on all taxable property of the city; but under neither this nor the first method need any notice of acceptance of the work done be given property owners; such notice being

required under Laws 1903, Ch. 213, Sec. 18, applicable only to said second method.

2. **Sewerage—Establishment of System—Precedent Bond Sale and Assessment, as Evidence of First Method System—Notice to Owners—Whether Necessary—Statute.**

Where, in establishing a sewage system a city, prior to instituting proceedings for its construction, raised the money therefor by issuance and sale of bonds, partial payments being made as work progressed, and levied assessments under Laws 1905, Ch. 153, such course of proceeding rendered the contract therefor a cash contract; and notice to owners of acceptance of contract was unnecessary.

3. **Municipal Corporations—Improvements—Sewage System—Mechanics Lien, Suit to Enforce, Limitations—Statute.**

Where work in construction of a sewage system was accepted by city on December 30, 1912, a sub-contractor's lien for material furnished therefor to contractor ceased to be valid before suit brought thereon to enforce payment March 18, 1913, under Code Civ. Proc., Sec. 717, requiring suit to be brought within thirty days after such acceptance.

Appeal from Circuit Court, Hughes County.   Hon. JOHN F. HUGHES, Judge.

See, opinion upon former appeal, 36 S. D. 276, 154 N. W. 712.

Action by the Red Wing Sewer Pipe Company, a corporation, against the City of Pierre, a municipal corporation, and others, and the National Bank of Commerce of Pierre.   From a judgment for plaintiff, defendant bank appeals.   Judgment reversed, and trial court ordered to enter conclusions and judgment in conformity with the views expressed.

*Sutherland & Payne,* for Appellant.

*Horner, Martens & Goldsmith,* for Respondent.

(1)   Under point one of the opinion, Respondent submitted that:   Chap. 153, Laws 1905, repeals but in no manner amends, Sections 1346 to 1351 inclusive, Pol. Code, and in doing so repeals the only provision contained in the code providing for issuance of sewer bonds without re-enacting in the new law another provision for issuance of such bonds.   Chapter 155, Laws 1905, is an independent and isolated law which provides that a City may issue bonds to construct sewers, and has nothing to do with the manner of constructing sewers, or with sections 1341 to 1345, Pol. Code.   Sewer bonds could therefore

be issued under said chap. 155 for the construction of sewers, and nothwithstanding such issuance of bonds under said chap. 155 the sewers would not have to be constructed under sections 1341 to 1345, Pol. Code, or under chap. 153, Laws 1905, as argued by appellant, but the City after issuing bonds would be at liberty to construct such sewers under Chap. 213, Laws 1903, or under Chap. 110, Laws 1909 as amended by Chap. 228, Laws 1911, for the reason that the construction of sewers is another and independent matter from issuing bonds, and for the further reason that Sec 21 of Chap, 110, Laws 1909, gives the Board of Commissioners the option to pursue any provisions contained in Articles 19 and 20, of Chap. 14 of the Rev. Pol. Code of 1903, or Chapter 213, Ses. Laws 1905, when not inconsistent with such Chap. 110; and Sec. 4 of of Chap. 228, Laws 1911, provides that the Board of Commissioners may at their option pursue any of the provisions contained in Chap. 213, Ses. Laws 1903 or Chap. 155, Ses. Laws 1905, when same are not inconsistent with such Chap. 228, and Sec. 1351½, Pol. Code, provides that when Articles 19 and 20 shall be found inconsistent with each other the council may at their option pursue the provisions contained in either of said articles.

WHITING, P. J.   This cause has been tried in circuit court.   An appeal was taken from the judgment rendered upon the first trial.   Our opinion upon such appeal is reported in Red Wing Sewer Pipe Co. v. City of Pierre, 36 S. D. 276, 154 N. W. 712.   An examination of such opinion will disclose the nature of the action, the issues then presented, and the questions disposed of by this court.   Upon the first trial the trial court found that the work under the sewerage contract was accepted on December 23, 1912; and, inasmuch as it was undisputed that the action was not commenced until March 18, 1913, such court held that under the provisions of section 717, C. C. P., plaintiff's lien, upon which his right of action was based, ceased to have any validity prior to the commencement of the action.   This court held that the evidence was insufficient to support the trial court's finding that there was an acceptance on December 23, 1912.   After the decision of this court defendant bank amended its answer and alleged that the work under the sewerage contract was accepted December 30, 1912.   Upon the second trial the

court entered its findings of fact from which it concluded that plaintiff's lien was valid, and that it was entitled to judgment. This appeal is taken from the judgment entered in conformity with such conclusions. The sufficiency of the evidence to support the findings is unquestioned; the sole question before us being the sufficiency of the findings to support the conclusions of law and judgment.

The trial court found facts from which it clearly appears that the work was accepted on December 30, 1912, if the city was in a position, on that date, to accept same. But the court also found that prior to such attempt at acceptance the city had not given the notice required by section 18, c. 213, Laws 1903, and concluded that such attempted acceptance did not set running the 30-day period of time which, under section 717, C. C. P., would render plaintiff's lien invalid, suit thereon not being commenced within such period.

Respondent contends that this court by its former opinion, has foreclosed all question as to an acceptance on December 30, 1912. As before noted, the question before us was the sufficiency of the evidence to support the finding of an acceptance on December 23, 1912. We in no manner considered, because it was not before us upon such appeal, whether there was an acceptance on December 30, 1912. The question, under the issues as now framed is whether there was a valid acceptance on December 30, 1912. This court did not, by its former decision, foreclose the right of appellant to amend its pleading and, upon such amended pleading to prove an acceptance on some date other than December 23, 1912.

Was it necessary, before the city could accept the work that had been done under the sewerage contract, to give the notice provided by section 18. c. 213, Laws 1903? It is the contention of appellant that the city was acting under the provisions of article 19, c. 14, P. C.; that, when a city, in the establishment of a sewerage system acts under that law said section 18 has no application; and that under those circumstances the city may accept the work without giving any notice of such contemplated acceptance.

[1]   We are of the opinion that there are at least two complete and in the main, separate methods provided by statute for

establishing and maintaining systems of sewage in the cities of this state. No useful purpose could be subserved by quoting the provisions of the various statutes that have been enacted from time to time, and we shall content ourselves with a brief statement of the distinguishing requirements of each method and a reference to the particular law prescribing each of such requirements. Parenthetically we would say that we do not believe that the provisions of chapter 110, Laws 1909, and chapter 228, Laws 1911, need any further consideration than to call attention to the fact that there are none of them which require any notice of time and place for considering acceptance of work. The first method is that prescribed by article 19 c. 14, P. C., as amended by chapter 153 and chapter 155, Laws 1905, as such laws may be affected by any inconsistent provisions in said chapter 110, Laws 1909, and chapter 228, Laws 1911. Under this method the city enters into a contract for the putting in of the system after receiving bids upon a basis of cash payment. The city can, in its discretion, as the work progresses, grant to the contractor partial payments for work done. Bonds are issued to raise the money to install the system, and such bonds are paid by money raised through special assessments levied upon the property benefited by the improvements, such assessments being divided into annual installments. The second method is that prescribed by chapter 213, Laws 1903, as such act may be affected by any inconsistent provisions in said chapter 110, Laws 1909, and chapter 228, Laws 1911. This method does not contemplate the issuance of bonds. The funds to cover the cost of the system are to be raised by means of assessments against property benefited, such assessments to be evidenced by assessment certificates, and such assessments payable entirely different from the assessments made under the first method. Under section 18, c. 213, published notice to "property owners interested in said improvement, and upon whose land assessment therefor has been made," must be given before the city can finally accept the work done under a contract. The third method, if in fact there are more than two workable methods authorized, provides, as under the first method, for the issuance of bonds, such bonds, however, not to be payable by levies solely upon the property benefited but by levies upon all the "taxable property of the city." Section 4, c. 155, Laws 1905. Un-

der neither this nor the first method need any notice such as provided by section 18, c. 213, be given. We have not attempted to give all the provisions of law pertaining to each of these methods, but only those material to the question before us.

[2] While the findings in this case are not as complete as might be desired, there is enough therein to show that the city was proceeding under the first method. Prior to instituting the proceedings looking to the construction of the sewerage system, the city, by the issuance and sale of bonds, raised the money to pay for such contemplated work. The contract, dated September 30, 1912, was a cash contract. Partial payments were made before the completion of the work under estimates made in October and November, 1912. It further appears that the city was of the opinion that it was proceeding under the first method, because, when it came to make its assessments for the purpose of providing the funds to pay its bonds, it levied the same strictly under chapter 153, Laws 1905, and its resolution making such assessment recited that "such assessment was made under the provisions of chapter 153, Laws 1905."

[3] We find it unnecessary to express, and therefore refrain from expressing, any views upon the question of whether any one except the property owners—to whom section 18, supra, prescribes that the notice provided thereby shall be given—can complain of the failure to give such notice. Such notice was unnecessary, and the work was accepted December 30, 1912. It follows that respondents lien ceased to be valid before this action was brought.

The judgment appealed from is reversed, and the trial court is ordered to enter conclusions and judgment in conformity with the views herein expressed.