THE ERION PACKING CO., Respondent, v. STRAIN, Supt. of Banks, et al, Appellants.

(255 N. W. 794.)

(File No. 7709. Opinion filed June 21, 1934.)

*Fellows, Fellows & Timan* and *Morgan & Whiting,* all of Mitchell, for Appellants.

*Miller & Shandorf,* of Mitchell, for Respondent.

RUDOLPH, J. The Mitchell Trust Company, a corporation, organized under the provisions of chapter 2, part 18, title 6, Rev. Code 1919 (section 9032 et seq.), became insolvent and was closed on the 7th day of August ,1933. To qualify as a trust company the Mitchell Trust Company had deposited with the state treasurer of the state of South Dakota bonds and securities in the sum of $50,000, which were on deposit with the state treasurer at the time of the closing. In addition to doing a trust company business, the said Mitchell Trust Company did a general banking business under the provisions of section 9033, Rev. Code 1919. The liabilities of the trust company at the time it closed consisted, in part, of liabilities incurred in transacting a trust company business, and, in part, of liabilities incurred in transacting a banking business. At the time of the closing of the trust company, the plaintiff had on deposit therein the sum of $2,376.57, which, it is conceded, was on deposit with the said trust company in its capacity as a trust com-

pany. The plaintiff filed with the superintendent of banks, who had taken charge of the liquidation of the said trust company, a claim and asked that the same be given preference over the claims of the general banking depositors of the said institution, and that it be paid in full out of the securities and assets deposited with the state treasurer. The superintendent of banks rejected the claim as a preferred claim, and this proceeding was then brought against the superintendent of banks. The matter was submitted to the trial court upon stipulated facts. The trial court held: "That the $50,000 worth of securities now on deposit with the State Treasurere of South Dakota, from the Mitchell Trust Company shall be applied exclusively to the payment of the trust deposits and trust obligations of said Mitchell Trust Company until said trust deposits and trust obligations are paid in full or said securities exhausted and that none of said securities may be used for the payment of obligations of said Mitchell Trust Company, other than trust deposits and trust obligations until such trust deposits and trust obligations have been paid in full."

This is an appeal by the superintendent of banks, and the question involved is whether the holding of the trial court set out above should be sustained.

Section 9034, Rev. Code 1919, is as follows: *"Capital Stock Required.* The capital stock of any such corporation (trust company) shall be fixed and limited by the articles of incorporation, and must be at least fifty thousand dollars in cities or towns of less than five thousand inhabitants and shall not be less than one hundred thousand dollars in cities of five thousand inhabitants, or more, all of which shall be paid in full in lawful money of the United States. As soon as possible and not later than six months after any such company shall have commenced business under the provisions of this chapter, or before accepting of any trust as contemplated by this chapter, it shall deposit with the state treasurer not less than fifty per cent of the amount of its capital stock, nor more than one hundred thousand dollars; such deposit to be in bonds and mortgages, or notes and mortgages on unincumbered real property within this state worth double the amount secured thereby, or bonds of the United States, or any state of the United States that has not defaulted on its principal or interest within ten years, or any organized county or township, or incorporated city or

town or school district, in this state or in any other state, duly authorized to be issued, and upon all of which bonds or other securities there shall have been no default in the payment of interest or principal; which bonds and mortgages, or notes and mortgages, or bonds shall be held by the state treasurer, in trust, as security for the depositors and creditors of such corporation. * * *"

██ It is the contention of the appellant that the above section, wherein it provides "which bonds and mortgages, or notes and mortgages, or bonds shall be held by the state treasurer, in trust, as security for the depositors and creditors of such corporation," makes no distinction between the depositors and creditors of the corporation in its capacity as a trust company, and the depositors and creditors of the corporation in its capacity in conducting a banking business, and that it follows, therefore, that the assets in the hands of the state treasurer should be distributed among the creditors without regard to the nature of the claim involved. The clause of the statute upon which appellant relies, when disassociated with other provisions of the law relating to trust companies, apparently sustains appellant's contention. In interpreting this statute the important thing is to ascertain the intent of the lawmaking power in enacting it, and the intent of the Legislature in enacting the whole act relating to trust companies should control the interpretation of any particular part of that act. Red Wing Sewer Pipe Co. v. City of Pierre, 36 S. D. 276, 154 N. W. 712. Reading the act as a whole and in the light of its history prior to its passage, we believe it clear that it was the intention of the Legislature that the assets deposited with the state treasurer should be held by the state treasurer as security for the creditors of the trust company, as distinguished from the creditors doing a banking business with the corporation. Under the original Trust Company Act (chapter 74, Laws 1905) corporations formed thereunder were given not only trust powers, but in substance general banking powers (section 4, subd. 10, etc.). It seems quite clear under section 10 of the 1905 law that the bond there required need only be given before undertaking to execute any trust and was specifically for the protection of trust creditors as distinguished from others. It seems quite reasonable to believe that the Legislature (even if it did not so state as clearly as might be desirable), when in 1911 and again in the present statute it omitted provision for the bond and provided

for the deposit here involved, manifestly intended such deposit to be (as the bond previously had been) for the protection of trust creditors as distinguished from bank or other general creditors of the corporation.

By section 9033, wherein it is provided that a corporation organized as a trust company "may also do a banking business," it is further provided that in doing such business the corporation "shall be governed by, and be subject to," the laws relating to banks, which laws are contained in a chapter separate and apart from the chapter of our Code relating to trust companies. It further appears from section 9043 that the requirement of depositing the assets with the state treasurer is a requirement looking toward the security of trust depositors rather than to the security of those doing a banking business with the corporation under the provisions of section 9033. Section 9034 provides, in part, as follows: "As soon as possible and not later than six months after any such company shall have commenced business under the provisions of this chapter, *or before accepting of any trust as contemplated by this chapter,* it shall deposit with the state treasurer" the assets for the purpose of securing the "depositors and creditors of such corporation." It appears therefore that as a condition precedent to doing a trust company business the deposit must be made with the state treasurer. It hardly seems reasonable to say that the Legislature would make the deposit of securities a condition which must be complied with before the corporation could accept any trust, and in the same section provide that these same securities should be security for other than trust creditors of the corporation. It would seem that the very object of enacting a special law whereby a corporation may accept a trust is to give to the trust thus accepted some security and protection not generally accorded to a strictly banking transaction. We are of the opinion that this additional protection intended to be given the trust transaction is the security afforded by the deposit with the state treasurer. To extend this security to those conducting a banking business with the corporation would defeat the very object the Legislature had in enacting special legislation governing a corporation organized to accept a trust.

By virtue of the provisions of section 9033 the Legislature permitted the corporation to do a banking business and extended to

those doing a banking business with the corporation the protection of the same laws afforded to persons doing business with a corporation organized under the banking laws; we know of no reason why the Legislature should intend to give them any further protection, and we are convinced that no such intention appears from the mere use of the term "such corporation" in section 9034. It will be noted that section 9032 provides for the organization of a corporation "for the purpose of carrying on a trust company business." Nothing is said in that section relating to a banking business. We believe it reasonable and logical to say that when the Legislature in section 9034 provided that the assets deposited with the state treasurer should be held as security for the depositors and creditors of "such corporation," it referred by the use of the term "such corporation" to the corporation it had authorized in section 9032 to conduct a trust company business.

The holding of the trial court is affirmed.

All the Judges concur.